## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

EXTANG CORPORATION, a
Michigan Corporation,

      Plaintiff,

v.                                    Case No:

M2 DISTRIBUTION, LTD.,
a Washington corporation,

      Defendant.

_____/

## COMPLAINT

For its Complaint, Plaintiff Extang Corporation, ("Extang" or "Plaintiff") states as follows:

### THE PARTIES

1.     Plaintiff Extang Corporation is a Michigan Corporation and has its principal place of business at 5400 State Road, Ann Arbor, MI 48108.

2.     Upon information and belief, Defendant M2 Distribution Ltd. ("M2" or "Defendant") is Washington Corporation and has its principal place of business at 1313 E. Maple Street, #201-565, Bellingham, Washington 98225.

## JURISDICTION AND VENUE

3.     This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. § 1, et seq.  This Court has original jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

4.     Defendant is subject to personal jurisdiction in this district because, *inter alia*, it directly and through its related entities regularly does, solicits, and transacts business in the Eastern District of Michigan, such as by selling or offering to sell products, including tonneau cover systems under the name "TYGER."

5.     Venue is proper in this district pursuant to 28 U.S.C. §§1391(b) and (c) and § 1400(b).

## GENERAL ALLEGATIONS

6.     On June 22, 2004, the U.S. Patent and Trademark Office duly and legally issued U.S. Patent No. 6,752,449 ("the '449 Patent"), entitled ROLL UP TONNEAU COVER SYSTEM, to Donald G. Wheatley.   A copy of the '449 Patent is attached hereto as Exhibit A.

7.     Extang Corporation owns all right, title and interest in and to the '449 Patent.  A true and accurate copy of the assignment record to Extang, as applicable to the '449 Patent, is attached at Exhibit B.

8.     On May 17, 2005, the U.S. Patent and Trademark Office duly and legally issued U.S. Patent No. 6,893,073 ("the '073 Patent"), entitled TONNEAU COVER CLAMP, to Donald G. Wheatley.  A copy of the '073 Patent is attached hereto as Exhibit C.

9.     Extang Corporation owns all right, title and interest in and to the '073 Patent.  A true and accurate copy of the assignment record to Extang, as applicable to the '073 Patent, is attached at Exhibit D.

10.     Possessing all right, title and interest in and to the '449 Patent and the '073 Patent, and the '449 Patent and '073 Patent being in full force and effect, Plaintiff has the right to sue for any infringement thereof.

## BACKGROUND

11.     According to the U.S. Patent and Trademark Office records, Defendant is the owner of the TYGER mark.  Exhibit E.

12.     Defendant offers to sell and sells multiple tonneau cover products, including those identified under the TYGER mark.  Exhibit F.

13.     The TYGER mark is used in conjunction with www.tygerauto.com, where multiple products are offered for sale, including tonneau covers such as the TYGER RoLock.  Exhibit G.

14.    TYGER RoLock tonneau covers are offered for sale across the country, including in this district, and have the following identifiers and configuration:




















15.    On its Facebook page, Tyger Auto states the following: "We now have only 3 authorized online sellers. MaxMate Depot on Amazon, TygerAuto and Jeepro-USA on eBay. If you bought Tyger parts from different channels other than these 3 authorized online sellers, the warranty will be voided." Exhibit H.

16.    The links www.maxmatedepot.com and www.jeepro-USA.com, link to Defendant's website. Exhibit I.

17.    Upon information and belief, Defendant distributes, offers for sale and sells through Tyger Auto, Jeepro-USA and MaxMate Depot the TYGER RoLock tonneau covers referenced above.

18.    Upon information and belief, Cixi City Liyuan Auto Parts Co., Lt. manufactures the TYGER RoLock tonneau cover for Defendant.

## COUNT I: INFRINGEMENT OF U.S. PATENT NO. 6,752,449

19.    Plaintiff hereby incorporates by reference the allegations set forth in paragraphs 1 through 18 as if fully set forth herein.

20.    Upon information and belief, Defendant is infringing the '449 Patent, either directly or contributorily, by making, using, offering to sell, or selling tonneau covers, and specifically the TYGER Rolock tonneau cover, without the authority of Plaintiff and in violation of 35 U.S.C. § 271 et seq., and will continue to do so unless enjoined by this Court.

21.    Defendant's TYGER RoLock tonneau system includes a support frame having a longitudinal rail and a traverse rail.

22.    Defendant's TYGER RoLock tonneau system includes a cover spanning said support frame.

23.    Defendant's TYGER RoLock tonneau system includes a bumper member disposed on an end of said longitudinal rail.

24.    In Defendant's TYGER RoLock tonneau system, the bumper member is engageable with the cargo box.

25.    In Defendant's TYGER RoLock tonneau system, the bumper member aligns said longitudinal rail in a predetermined fore and aft position.

26.    In sum, Defendant has infringed at least claim 5 of the '449 Patent under 35 U.S.C. § 271(a) by making, using, offering for sale, or selling a TYGER RoLock tonneau system for a cargo box of a vehicle in the United States.

27.    Defendant has contributed to infringement of at least claim 5 of the '449 Patent under 35 U.S.C. § 271(c) by selling, offering for sale, and providing the TYGER RoLock tonneau cover and encouraging, instructing, providing, and aiding others to use the TYGER RoLock tonneau cover in an infringing manner. Exhibit J.  Upon information and belief, Defendant has engaged in these activities knowing that the TYGER RoLock tonneau cover is especially made and adapted for use, and is in fact used, in a manner that constitutes infringement of the '449 Patent.

28.    The TYGER RoLock tonneau cover is a material part of the invention described in the '449 Patent.  The TYGER RoLock tonneau cover is not a staple article or commodity of commerce suitable for substantial non-infringing use.

29.    Extang has complied with the marking notice requirements of 35 U.S.C. § 287 for the '449 Patent.

30.    By reason of Defendant's acts of infringement, Plaintiff has suffered and is suffering damages in an amount to be determined.

31.    Defendant's acts of infringement are causing irreparable harm to Plaintiff and will continue to cause irreparable harm unless enjoined by this Court.

32.    This is an exceptional case supporting an award of reasonable attorneys' fees pursuant to 35 U.S.C. § 285.

## COUNT II: INFRINGEMENT OF U.S. PATENT NO. 6,893,073

33.    Plaintiff hereby incorporates by reference the allegations set forth in paragraphs 1 through 32 as if fully set forth herein.

34.    Upon information and belief, Defendant is infringing the '073 Patent, either directly or contributorily, by making, using, offering to sell, or selling tonneau cover systems, and specifically the TYGER Rolock tonneau cover clamp, without the authority of Plaintiff and in violation of 35 U.S.C. § 271 et seq., and will continue to do so unless enjoined by this Court.

35.    Defendant's TYGER RoLock tonneau system includes a support frame.

36.    Defendant's TYGER RoLock tonneau system includes a cover spanning said support frame.

37.    Defendant's tonneau system includes a clamp being positionable in a clamping position operable to couple said support frame to the sidewall of the cargo box and an unclamping position disengaged from the sidewall of the cargo box.

38.     In Defendants' TYGER RoLock tonneau system, the clamp includes a first clamp member having a plurality of alignment depressions.

39.     In Defendant's TYGER RoLock tonneau system, the clamp includes a second clamp member having an alignment head.

40.     In Defendant's TYGER RoLock tonneau system, the alignment head is positionable in any one of said plurality of alignment depressions to permit said second clamp member to be positioned at any one of a plurality of discrete positions along said first clamp member.

41.     In Defendant's TYGER RoLock tonneau system, a fastener coupling said first clamp member to said second clamp member.

42.     In sum, Defendant has infringed at least claim 3 of the '073 Patent under 35 U.S.C. § 271(a) by making, using, offering for sale, or selling a TYGER RoLock tonneau system for a cargo box of a vehicle in the United States.

43.     Defendant has contributed to infringement of at least claim 3 of the '073 Patent under 35 U.S.C. § 271(c) by selling, offering for sale, and providing the TYGER RoLock tonneau cover and encouraging, instructing, providing, and aiding others to use the TYGER RoLock tonneau cover in an infringing manner. Exhibit J.  Upon information and belief, Defendant has engaged in these activities knowing that the TYGER RoLock tonneau cover is especially made and adapted

for use, and is in fact used, in a manner that constitutes infringement of the '073 Patent.

44.     The TYGER RoLock tonneau cover is a material part of the invention described in the '073 Patent.  The TYGER RoLock tonneau cover is not a staple article or commodity of commerce suitable for substantial non-infringing use.

45.     Extang has complied with the marking notice requirements of 35 U.S.C. § 287 for the '073 Patent.

46.     By reason of Defendant's acts of infringement, Plaintiff has suffered and is suffering damages in an amount to be determined.

47.     Defendant's acts of infringement are causing irreparable harm to Plaintiff and will continue to cause irreparable harm unless enjoined by this Court.

48.     This is an exceptional case supporting an award of reasonable attorneys' fees pursuant to 35 U.S.C. § 285.


## RELIEF REQUESTED

WHEREFORE, Plaintiff requests the following relief:

A.     A judgment declaring that Defendant has infringed the '449 Patent and the '073 Patent in violation of 35 U.S.C. § 271;

B.     A preliminary and a permanent injunction prohibiting Defendant and its respective parents, subsidiaries, principals, officers, directors, agents, attorneys,

employees, and all others in privity and concert therewith, from infringing the '449 Patent and the '073 Patent, pursuant to 35 U.S.C. § 283;

C.     A judgment awarding Plaintiff its damages for patent infringement, together with prejudgment interest, post-judgment interest, and costs, against Defendant pursuant to 35 U.S.C. § 284;

D.     An order increasing awarded damages by three times the amount found or assessed under 35 U.S.C. § 284;

E.     A judgment declaring this an exceptional case and awarding Plaintiff its reasonable attorneys' fees under 35 U.S.C. § 285;

F.     Such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff hereby demands a trial by jury for each and every issue so permitted by law and statute.


Dated:  October 28, 2016          s/George D. Moustakas/
                                  HARNESS, DICKEY & PIERCE, P.L.C.
                                  George D. Moustakas
                                  5445 Corporate Drive, Suite 200
                                  Troy, MI 48098-2683
                                  (248) 641-1600
                                  (248) 641-0270 Fax
                                  gdmoustakas@hdp.com

                                  *Attorneys for Plaintiff*

21151507.1